**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL RIVAS MARTINEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> 44 AVENUE POULTRY CORP. d/b/a HAKIM HALAL LIVE POULTRY and ABDUL HAKIM MAZUMDER, Jointly and Severally, <br><br> Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Manuel Rivas Martinez (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff worked for Defendants as a butcher and general employee for Defendants' meat business in Queens, New York. For his work, Plaintiff was not paid the minimum wage for

all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid minimum wages and spread of hours premiums, failure to timely pay all wages owed and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants during the relevant NYLL limitations period.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any

specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## **THE PARTIES**

**Plaintiff:**

8.      Plaintiff Manuel Rivas Martinez ("Rivas") was, at all relevant times, an adult individual residing in Queens County, New York.

9.      Throughout the relevant time period, Plaintiff performed work for Defendants at their meat butcher and sales business located at 102-07 B 44th Avenue, Queens, New York 11268.

10.      Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

3

**Defendants**:

11.     44 Avenue Poultry Corp. (the "Corporate Defendant") is an active New York corporation doing business as "Hakim Halal Live Poultry" with its principal place of business located at 102-07 B 44th Avenue, Queens, New York 11268.

12.     At all relevant times, the Corporate Defendants were each an "corporation engaged in commerce" within the meaning of the FLSA.

13.     Upon information and belief, Abdul Hakim Mazumder ("Mazumder" or the "Individual Defendant" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant.

14.     The Individual Defendant maintained operational control over the Corporate Defendant by overseeing business operations, supervising employees, determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

15.     The Individual Defendant participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiff and the Defendants' other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

16.     At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17.     At all relevant times, Defendants employed Plaintiff and each of the Collective Action members within the meaning of the FLSA.

18.     At all relevant times, Plaintiff, the opt-in plaintiffs, and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

19.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All individuals employed by Defendants at any time since July 28, 2018 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Hakim Halal Live Poultry (the "Collective Action Members").

21.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

22.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

23.     Pursuant to the NYLL, Plaintiff brings his Second through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All individuals employed by Defendants at any time since December 12, 2014 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Hakim Halal Live Poultry (the "Class Members").

24.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

25.     The Class Members are so numerous that joinder of all members is impracticable.

26.     Upon information and belief, there are in excess of forty (40) Class Members.

27.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

      a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

      b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

      c.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members at least minimum wage for all hours worked each workweek;

      d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

      e.   whether Defendants failed to pay Plaintiff and the Class Members spread of hours premiums on days when they worked in excess of ten (10) hours;

      f.   whether Defendants failed to pay Plaintiff and the Class Members all wages owed for work in a given workweek within seven (7) days after the end of the workweek;

g. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

j. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

28. <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for all hours worked, overtime premium pay for hours worked over forty (40) hours in a given workweek or spread of hours premiums for workdays that exceeded ten (10) hours, was not paid all wages owed to him within seven (7) days after the end of a given workweek, and was not provided proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

29. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

30. Plaintiff's counsel are experienced class action litigators who are well-prepared to

7

represent the interests of the Class Members.

31.   <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

32.   Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

33.   The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**<u>Defendants' Meat Butcher and Sales Business</u>**

34.   Upon information and belief, the Defendants have been in the meat butcher and sales business since 2005 or earlier.

35.   Upon information and belief, throughout the relevant time period, the Individual Defendant has owned, operated and managed the meat butcher and sales store known as "Hakim Halal Live Poultry" via the Corporate Defendant.

36.   Upon information and belief, throughout the relevant time period, Defendants bought live animals, including rabbits, chickens, turkeys, ducks and quails, butchered them, and sold the carcasses and meat to individual retail customers as well as supermarket and/or restaurant bulk customers.

37.   Upon information and belief, the DOS service address for the Corporate Defendant is a current or former residential address of the Individual Defendant.

38.     The Individual Defendant was present at Hakim Halal Live Poultry on a daily basis, where he supervised employees, discussed business operations and other issues with managers, provided employee pay to managers, accepted deliveries of animals, and performed bookkeeping.

39.     At all relevant times, the Individual Defendant had power over payroll and personnel decisions for Hakim Halal Live Poultry, including the power to hire and fire employees, set their wages and schedules, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

40.     Upon information and belief, throughout the relevant time period, Defendants have employed a total of approximately nine (9) or ten (10) employees at any given time, including a manager, a cashier, and seven to eight (7-8) employees performing similar work as Plaintiff, and have typically experienced moderate employee turnover.

**Plaintiff's Work for Defendants**

41.     **Plaintiff Rivas** was employed by Defendants from on or about October 27, 2019 to on or about May 4, 2021 (the "Rivas Employment Period").

42.     Plaintiff's duties for Defendants included placing live animals into cages, cleaning cages, and plucking recently-butchered carcasses.

43.     Throughout the Rivas Employment Period, Plaintiff typically worked six (6) days per week with Tuesdays off, from 7:00 am to 7:00 pm, for a total of approximately seventy-two (72) hours per week.

44.     Throughout the Rivas Employment Period, Plaintiff was typically unable to take a break exceeding five (5) or ten (10) minutes. On one occasion during Plaintiff's first week of employment, he left the premises of Hakim Halal Live Poultry in order to get lunch at a nearby café and was scolded by the Individual Defendant upon his return and told that he should not leave

during his shift.

45.     Throughout the Rivas Employment Period, Defendants did not provide a timeclock, sign-in sheet, or other means for Plaintiff to track his hours worked.

46.     Throughout the Rivas Employment Period, Plaintiff was paid a flat weekly rate of five hundred and fifty dollars ($550.00) per week. On extremely rare occasions, Plaintiff worked five (5) days per week. When this occurred, Defendants reduced his pay by ninety dollars ($90.00), which he believes represented one (1) day's work, such that he was paid a total of four hundred and sixty dollars ($460.00) for that week.

47.     Throughout the Rivas Employment Period, Plaintiff was paid his wages in cash, which he received with a piece of paper showing his name and the total payment amount. Plaintiff was not required to sign any document when receiving his wages.

48.     On one occasion, a few months after Plaintiff began working for Defendants, Plaintiff requested a raise due to his long hours and low pay. Defendants declined to increase his pay and told him that he could take days off when he needed.

49.     Throughout the Rivas Employment Period, Plaintiff's effectively hourly rate fell well below the applicable New York State minimum wage.

50.     Throughout the Rivas Employment Period, Plaintiff received a flat weekly rate that did not include overtime premiums even though he typically worked well in excess of forty (40) hours per week.

51.     Throughout the Rivas Employment Period, Plaintiff did not receive spread of hours premiums consisting of one (1) extra hour's pay at the minimum wage on days when he worked in excess of ten (10) hours, even though he typically worked beyond ten (10) hours per day.

52.     At no time during the Rivas Employment Period was Plaintiff's pay accompanied

by a wage statement, paystub or other document setting forth his hourly rate, a breakdown of his

regular and overtime hours worked, his gross or net pay, or any deductions taken from his wages.

53.     At no time during the Rivas Employment Period did Plaintiff receive a wage notice

setting forth his regular and overtime rates, his regular payday, any credits or deductions claimed

by Defendants, employer contact information, or other information required by the NYLL § 195(1)

in his primary language, which is Spanish.

54.     Plaintiff is aware that Defendants' failure to pay minimum wage, overtime

premiums and spread of hours premiums and failure to provide wage notices and wage statements

were corporate policies that applied to all non-management employees who worked for

Defendants.

**Defendants' Unlawful Corporate Policies**

55.     Plaintiff and the Collective Action and Class Members were all paid pursuant to

the same corporate policies of Defendants, including failing to pay minimum wages, overtime

premiums and spread of hours premiums.

56.     Plaintiff has spoken with other employees of Defendants who were similarly paid

below minimum wage for all hours worked for all or a portion of their employment.

57.     Plaintiff has spoken with other employees of Defendants who likewise did not

receive overtime premium compensation for hours worked in excess of forty (40) in a given

workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5)

times their regular hourly rate for hours over forty (40) each week is a corporate policy of

Defendants which applied to all employees throughout the relevant time period.

58.     Plaintiff has spoken with other employees of Defendants who likewise did not

receive spread of hours premiums for workdays that exceeded ten (10) hours. Defendants' failure

to pay Plaintiff spread of hours premiums is a corporate policy of Defendants which applied to all employees throughout the relevant time period.

59.     Defendants have not provided Plaintiff or their other employees with wage notices at the time of hire or when their wage rates changed or with wage statements with their weekly payment of wages.

60.     Throughout the relevant time period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half their regular rate when working in excess of forty (40) hours per week.

61.     Upon information and belief, throughout the relevant time period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Collective Action Members)

62.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

64.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

12

65.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Class Members)

66.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

68.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Class Members)

69.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

71.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW - FAILURE TO PAY WAGES**
**(Brought on Behalf of Plaintiff and the Class Members)**

72.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and the Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which wages are earned." Thus, Defendants violated NYLL § 191 by failing to pay Plaintiff and the Class Members all of their wages earned within the week such wages were due.

74.     Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and the Class Members, that is not otherwise authorized by law or by the employee.

75.     By withholding wages and overtime compensation from Plaintiff and the Class

14

Members, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff and the Class Members.

76.     Defendants' failure to comply with NYLL §§ 191 and 193 caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
#### (Brought on Behalf of Plaintiff and the Class Members)

77.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

79.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES</u>
### (Brought on Behalf of Plaintiff and the Class Members)

80.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

83.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.    An order tolling the statute of limitations;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.    Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

i.      Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        July 28, 2021

                                Respectfully submitted,

                                **PELTON GRAHAM LLC**

                                By: _____
                                Brent E. Pelton (BP 1055)
                                pelton@peltongraham.com
                                Taylor B. Graham (TG 9607)
                                graham@peltongraham.com
                                111 Broadway, Suite 1503
                                New York, New York 10006
                                Telephone: (212) 385-9700
                                Facsimile: (212) 385-0800

                                *Attorneys for Plaintiff and the putative*
                                *FLSA Collective and Class*

19

**Notice of Shareholder Liability for Services Rendered**
**Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholder of **44 AVENUE POULTRY CORP.** are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and the Class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of **44 AVENUE POULTRY CORP.** and charge you with indebtedness of said corporations to the plaintiff for services performed for the corporations as employees during the six (6) year period preceding the filing of the complaint.

Services for the above-referenced corporations concluded for Plaintiff within the past 180 days.

Dated:  July 28, 2021

_____
Brent. E. Pelton

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of 44 Avenue Poultry Corp. d/b/a Hakim Halal Live Poultry and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

Signature

Printed Name   MANUEL RIVAS MARTINEZ

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de 44 Avenue Poultry Corp. d/b/a Hakim Halal Live Poultry y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

Firma

Nombre Escrito   MANUEL RIVAS MARTINEZ

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above