# PELTON GRAHAM LLC

ADVOCATES FOR JUSTICE

February 11, 2022

Brent E. Pelton, Esq.
Pelton@PeltonGraham.com

**VIA CM/ECF**

Honorable James R. Cho, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    ***Manuel Rivas Martinez v. 44 Ave. Poultry Corp.***,
> **No. 21-cv-4241 (JRC)**

Dear Judge Cho:

This office represents named plaintiff Manuel Rivas Martinez ("Rivas Martinez" or the "Plaintiff"). We write, jointly with counsel for 44 Avenue Poultry Corp. d/b/a Hakim Halal Live Poultry ("Hakim Halal" or the "Corporate Defendant") and its owner, Abdul Hakim Mazumder (the "Individual Defendant" and, collectively with the Corporate Defendant, the "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) and the Court's Jan. 12, 2022 Order. Counsel for the parties respectfully submit that the negotiated Settlement Agreement (attached as **Exhibit A** to the Affidavit of Brent E. Pelton, Esq.) constitutes a fair and reasonable compromise of this matter which should be approved by the Court.

## I.    Procedural History and Plaintiff's Allegations

Plaintiff Rivas Martinez commenced this action by filing the Class & Collective Action Complaint in this Court on July 28, 2021. (Dkt. No. 1). Defendants filed an Answer on September 20, 2021 denying all material allegations. (Dkt. No. 9). Shortly thereafter, the Court referred this matter to mediation and ordered the exchange of initial discovery and disclosures. (Dkt. No. 10).

The Parties scheduled a mediation for January 11, 2022 before Sara Kula, Esq. (Dkt. Entry dated Dec. 2, 2021). In anticipation of the mediation, Defendants produced certain handwritten schedule and pay ledgers, and Plaintiff produced initial disclosures and an initial damages analysis. (Pelton Aff. ¶ 5). At Ms. Kula's suggestion, the Parties also exchanged mediation statements, and Plaintiff provided an updated damages analysis. (*Id.*).

The parties reached a resolution in principle at the January 11, 2022 mediation. (Dkt. Entry dated Jan. 11, 2022; Pelton Aff. ¶ 7). Subsequently, the Parties finalized and drafted the Settlement Agreement. (Pelton Aff. ¶ 7).  As set forth in the Settlement Agreement, the Agreement, as well as the mediation proceedings, were translated into Spanish for Plaintiff by Belinda Herazo, whose Declaration detailing her translation work is attached as **Exhibit B**. (*Id.* ¶ 8). Ms. Herazo also

**New York**: 111 Broadway, Suite 1503, New York, NY 10006  Tel. 212-385-9700  Fax 212-385-0800
**San Francisco**: 456 Montgomery Street, 18ᵗʰ Fl., San Francisco, CA 94104  Tel. 415-437-9100  Fax 212-385-0800

www.PeltonGraham.com

Hon. James R. Cho
FLSA Settlement Fairness Letter
Page **2** of **6**

translated the English language retainer, attached as **Exhibit D** for the Plaintiff, who signed the
Spanish language retainer attached as **Exhibit C**. (Herazo Decl. ¶ 5).

## II.    The Settlement Accounts for Litigation Risk

As detailed in the Complaint, Plaintiff was employed at Defendants' butcher shop located
at 102-07 B 44th Avenue, Queens, New York 11268 from on or about October 27, 2019 to on or
about May 4, 2021, except for a period of approximately three (3) weeks between March and April
2020, when the shop closed due to the COVID-19 pandemic. Plaintiff alleges that he typically
worked six (6) days per week, sometimes five (5) or seven (7) days, from approximately 7:00 am
to 7:00 pm, for a total of approximately seventy-two (72) hours per week. Throughout his
employment, Plaintiff alleges that he was paid a flat weekly rate of five hundred and fifty dollars
($550.00) per week, or approximately ninety-one dollars ($91.00) per day. When Plaintiff worked
more or fewer than six (6) days per week, his pay was adjusted accordingly. Plaintiff received his
wages in cash, which he received with a piece of paper showing his name and the total payment
amount.

As a result of Defendants' wage and hour practices, Plaintiff alleges that he was paid an
effective hourly rate that fell below the correct statutory minimum wage, did not receive overtime
premiums, and did not receive spread of hours premiums. Plaintiff also alleges that Defendants
failed to provide him with a wage notice or wage statements that fulfilled the requirements of the
NYLL § 195.

The parties dispute key issues of law and fact regarding Plaintiff's employment and the
impact of the records produced by Defendants. Plaintiff asserts that the records, while incomplete
and informal, largely support Plaintiff's position that he was paid a flat weekly rate and frequently
show weeks where he worked six (6) or seven (7) days per week. Defendants dispute the number
of hours that Plaintiff alleges that he worked per day and assert that the records show that he often
worked five (5) days per week.

In preparation for the January 2022 mediation, Plaintiff revised the initial damages
analysis, based primarily upon Plaintiff's recollection of his hours worked and wages paid. (Pelton
Aff. ¶ 6).  In total, Plaintiff calculated unpaid wage damages of $64,050.71, consisting of
$39,277.14 in unpaid minimum wage, $18,017.14 in unpaid overtime premiums, and $6,756.43 in
unpaid spread of hours premiums; $64,050.71 in liquidated damages; $10,000.00 in wage notice
and wage statement damages, and $8,141.66 in prejudgment interest, for a total of $146,242.89.
(*Id.*).

Although there is a possibility that Plaintiff could recover higher damages if the case
proceeded with discovery, motion practice and ultimately trial, there is also the possibility that he
would receive lower damages based upon the expected testimony of the Individual Defendant. In
addition, there is a significant risk that Defendants, who operate a small, family-run business,
would be unable to pay a larger judgment. Accordingly, Plaintiff prefers to settle now for an
amount that he would be guaranteed to receive under the terms of the settlement.

Hon. James R. Cho
FLSA Settlement Fairness Letter
Page **3** of **6**

The parties believe that the settlement amount (i.e., $67,500.00) is a fair recovery based on the risks associated with establishing Defendants' liability, the calculated damages, and the risks associated with proceeding to trial. Here, Plaintiff's recovery represents over 100% of his total unpaid wage damages.

## III.    Settlement Terms

As set forth in the attached Settlement Agreement, the parties have agreed to settle this action for a total settlement amount of $67,500.00 (the "Settlement Amount"). Of the Settlement Amount, $23,376.20 is payable to Plaintiff's counsel (consisting of $1,314.30 in expense reimbursements and $22,061.90 in attorneys' fees). The remaining $44,123.80 is payable directly to Plaintiff (the "Net Settlement Amount").

Keeping in line with the trend in this Circuit following *Cheeks*, the parties have agreed to a wage-and-hour release for any claims arising before Plaintiff signed the Settlement Agreement. The parties also did not include a confidentiality provision and have specifically included language in the Agreement making it clear that nothing in the Agreement precludes the parties from truthfully communicating their experiences concerning the Action or Settlement.

The agreement includes a mutual non-disparagement provision between Plaintiff and Defendants. The parties recognize that Courts have held that broad one-sided non-disparagement provisions "can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights." *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 U.S. Dist. LEXIS 162243, *3 (S.D.N.Y. Dec. 3, 2015). However, not every non-disparagement clause in a FLSA settlement is *per se* objectionable. *See Lopez v. Nights of Cabiria LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015). Here, the non-disparagement clause contained in this agreement is permissible for two reasons:

1) Initially, the non-disparagement provision is mutual and binds Plaintiff and Defendants. Following *Cheeks*, Courts have approved settlements containing mutual non-disparagement clauses. *See Sadana v. Park Li, Ltd.,* No. 15-CV-8772, 2015 U.S. Dist. LEXIS 19122, at *2-3 (S.D.N.Y. Feb. 17, 2016) (approving the inclusion of a mutual non-disparagement clause in a FLSA settlement agreement); *Caprile v. Harabel*, No. 14-CV-6386, 2015 U.S. Dist. LEXIS 127332 at *3 (S.D.N.Y. Sept. 17, 2015) (post *Cheeks* decision approving mutual non-disparagement clause but rejecting the inclusion of a confidentiality provision).

2) Moreover, in recognition of the public policy interest favoring the disclosure of information relating to this action, the non-disparagement clause contains a "carve-out" provision permitting the Parties to make truthful statements about their experience in this litigation. Courts have held that such a "carve-out" provision provides an equitable balance between Plaintiff's rights under the FLSA, and Defendants' interest in

Hon. James R. Cho
FLSA Settlement Fairness Letter
Page **4** of **6**

preventing the dissemination of defamatory statements. *See Cionca v. Interactive Realty LLC*, No. 15-CV-05123 (BCM), 2016 U.S. Dist. LEXIS 77372 at *8 (S.D.N.Y. July 10, 2016) (a clause which bars a plaintiff from making negative statements about a defendant "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [her] case."); *Lopez v. Poko-St. Anns L.P.,* No. 15-CV-4980 (BCM), 2016 U.S. Dist. LEXIS 46862 at fn. 1 (S.D.N.Y. April 4, 2016) (approving bilateral non-disparagement clause containing a "carve-out" provision for truthful statements); *Panganiban v. Medex Diagnostic & Treatment Ctr. LLC,* No. 15-CV-2588 (AMD)(LB), 2016 U.S. DIST LEXIS 29158 at * 6 (E.D.N.Y. Mar. 7, 2016) (approving reciprocal non-disparagement clause with a "carve out" for truthful statements about [plaintiff's] experience litigating the FLSA action); *Cortes v. New Creators, Inc*., No. 15 Civ. 5680, 2016 U.S. Dist. LEXIS 79757, *4 (S.D.N.Y. June 20, 2016) (approving non-disparagement clause that "includes the requisite 'carve-out' for truthful statements about plaintiffs' experience litigating this case").

The mutual non-disparagement clause is bolstered by additional provisions that permit either party to commence an action in the event of a breach of the agreement and to obtain reasonable attorneys' fees in the event that they prevail.

## IV.    Plaintiff's Attorney's Fees and Expenses

As set forth in the Affidavit of Brent E. Pelton, Esq., as of February 11, 2022, Plaintiff's counsel has spent more than seventy-three (73) hours in prosecuting and settling this matter, resulting in a lodestar of $19,434.58. (*See* Pelton Aff. Ex. E). Plaintiff's counsel has spent $1,314.30 in actual litigation costs in filing and serving the Complaint and for the cost of mediation. (*Id.* at Ex. F). The portion of the settlement amount that Plaintiff seek as attorneys' fees (i.e., $22,061.90) represents one-third (1/3) of the settlement amount, after subtracting the actual litigation costs, and represents a modest 1.13 times the lodestar amount and is consistent with what was agreed upon between the Plaintiff and his counsel in his retainer agreements. (*See* Exs. C, D).

The hourly billing rates utilized by Plaintiff's counsel in calculating the lodestar are within the range paid to attorneys of similar experience and professional focus in the Eastern and Southern Districts of New York. In fact, the same rates have been approved in connection with recent wage and hour default judgments in the Eastern and Southern Districts of New York. *See Guinea v. Garrido Food Corp*., No. 19-CV-5860 (BMC), 2020 U.S. Dist. LEXIS 5476, at *4-5 (E.D.N.Y. Jan. 11, 2020) (rates of "$350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time…are reasonable and consistent with rates allowed in this district."); *Campos v. BKUK 3 Corp*, No. 18-cv-4036, Dkt. No. 156 (Aug. 10, 2021) (discussing and approving Pelton Graham's attorney and paralegal rates). Accordingly, Plaintiff's counsel submits that the attorney's fees component of the settlement is fair and reasonable.

## V.    The Parties Believe that the Settlement Is Fair and Reasonable

Hon. James R. Cho
FLSA Settlement Fairness Letter
Page **5** of **6**

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11-cv-0529, 2013 U.S. Dist. LEXIS 20543, at *8 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-cv-86, 2008 U.S. Dist. LEXIS 20786 at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food*, 679 F.2d at 1354). Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 335 (alteration in original) (internal quotation marks omitted), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, No. 13-cv-6266, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

Here, there is no question that the settlement did not come about because of "overreaching" by the employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations. The parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. The negotiated settlement is fair and reasonable when considered in the context of the litigation risks faced by Plaintiff. Due to the disputed issues of fact, the parties would likely need to engage in substantial motion practice, including 216(b) collective and later class certification, as well as extensive discovery, including numerous depositions, which would consume a tremendous amount of time and resources. Rather than move forward with lengthy and costly litigation, settlement at this stage of the case unquestionably constitutes the most efficient and effective conclusion to this litigation.

*       *       *       *       *

As demonstrated above, the settlement is a result of extensive negotiations and compromise by both parties. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement.

We appreciate Your Honor's attention to this matter. Please contact the undersigned counsel for the parties should you have any questions regarding this submission.

Hon. James R. Cho
FLSA Settlement Fairness Letter
Page **6** of **6**


Respectfully submitted,

**PELTON GRAHAM LLC**                      **PARDALIS & NOHAVICKA LLP**


   _/s Brent Pelton, Esq._                                  _/s Greg Nahas, Esq._                       
Brent E. Pelton, Esq.                        Gregory A. Nahas, Esq.
Taylor B. Graham, Esq.                       Joseph D. Nohavicka, Esq.
111 Broadway, Suite 1503                     950 3rd Avenue, 27th Floor
New York, New York 10006                     New York, New York 10022


*Attorneys for Plaintiff*                    *Attorney for Defendants*

www.PeltonGraham.com